**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

STEPHEN GREEN
124 McCall Street
Waukesha, WI 53186

        Plaintiff,

                                    Case No. 23-cv-1586

v.

CITY OF WAUKESHA
201 Delafield Street
Waukesha, WI 53188,

        Defendant.

---

**AMENDED COMPLAINT**

---

NOW COMES the above-named plaintiff, Stephen Green, by his attorney, Alexander T. Kay of Kay & Kay Law Firm, against the City of Waukesha, defendant, as follows:

## <u>PARTIES</u>

1.     The plaintiff, Stephen Green, is an adult Wisconsin citizen who resides at N30W27460 Green Dragonfly Island, Pewaukee, Wisconsin 53072. Mr. Green owns the property located at 124 McCall Street, Waukesha, Wisconsin 53186.

2.     The defendant, City of Waukesha (the "*City*"), is a municipal corporation within the State of Wisconsin, Waukesha County, which has a principal address of 201 Delafield Street, Waukesha, WI 53188.

## FACTUAL BACKGROUND

3.      In 2011, Mr. Green purchased the property located at 124 McCall Street, Waukesha, Wisconsin 53186.

4.      Mr. Green has kept chickens, ducks, and turkeys in the backyard of the property for several years.

5.      Mr. Green has never received a citation issued by the City regarding his chickens, ducks, or turkeys.

6.       Mr. Green purchased several of his income properties in the City because the City permitted chickens, ducks, and turkeys.

7.      Mr. Green owned approximately ten (10) properties that were registered with the State of Wisconsin as having flocks of chickens, ducks, and turkeys. Some of these properties have since been sold, and the proceeds utilized to purchase replacement properties.

8.      Prior to the Ordinance, as defined below, the City permitted the keeping of chickens, ducks, and turkeys on residential parcels.

9.      Prior to the Ordinance, the City did not limit the number of chickens, ducks, or turkeys.

10.     The City of Waukesha advertised that this municipality was environmentally friendly and allowed its citizens to keep, raise, and maintain poultry.

11.     A true and correct copy of the Chicken Brochure published by the City is attached hereto as **Exhibit A**. The Chicken Brochure states, "YES, chickens ARE ALLOWED to be kept within the city . . . ."

12.     Based upon those representations, Mr. Green has invested over a million dollars in real estate in the City.

2

13.     Mr. Green purchased the property located at 124 McCall Street, Waukesha, Wisconsin 53186 in good faith based on the City permitting chickens, ducks, and turkeys, and now the City has changed the rules.

14.     On March 7, 2023, the City passed Ordinance No. 2023-4, which created Section 33.07 of the City of Waukesha Municipal Code regarding the keeping of chickens and other fowl within the City (the "***Ordinance***"). A true and correct copy of the Ordinance is attached hereto as **Exhibit B**.

15.     On April 18, 2023, the City passed Ordinance 2023-5 (An Ordinance Creating New Subsection (2)(g) and Renumbering Former Subsections (2)(g), (h), (i), and (j) of Section 22.58 of the Waukesha Municipal Code, Regarding Chicken Coops). A true and correct copy of Ordinance 2023-5 is attached hereto as **Exhibit C**.

16.     Because of the dramatic increase in interest rates, it is very difficult to exchange the properties in the City of Waukesha for properties in other municipalities.

17.     Mr. Green served a Notice of Claim dated April 18, 2023 on the City. A true and correct copy of the Notice of Claim is attached hereto as **Exhibit D**.

18.     The Notice of Claim stated that Mr. Green intends to challenge the entire Ordinance on grounds that it lacks a reasonable basis; is arbitrary and unreasonable; bears no substantial relation to the public health, safety, morals or general welfare; and constitutes unlawful zoning in whole or in part.

19.     The Notice of Claim stated that the City did not have a reasonable basis for prohibiting other fowl besides chickens, limiting the number of chickens to four (4) or six (6), or prohibiting the keeping of any roosters. It further stated that the restrictions are confiscatory in

3

nature and are oppressive and that prohibiting chickens from roaming freely on their owners' property is arbitrary and unreasonable.

20.     The Notice of Claim stated that the permit and registration requirements contained in subsections (4) through (8), and the enclosure requirements contained in subsection (10), are exceedingly onerous and unnecessarily intrusive. It stated these requirements are designed to discourage and deter residents from keeping chickens and other fowl in the City and lack any rational basis.

21.     Mr. Green has had chickens, ducks, and turkeys utilizing the coop structure on the property since prior to the adoption of the Ordinance.

22.     Mr. Green's prior use of the coop structure establishes a legal non-conforming use.

23.     Pursuant to Section 22.61 of the City of Waukesha Municipal Code, "The lawful use of a building or premise existing at the time of the adoption or amendment of a zoning ordinance may be continued although such use does not conform with the provisions of the ordinance."

24.     Mr. Green requested a legal non-conforming use exemption from the Ordinance.

25.     On May 3, 2023, the City disallowed Mr. Green's Notice of Claim. A true and correct copy of the City's disallowance letter is attached hereto as **Exhibit E**.

## CLAIMS

### First Claim
### (Declaratory Relief – Enforceability of the Ordinance)

26.      The plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 25 of the complaint and alleges said paragraphs with the same force and effect as if fully set forth herein.

4

27.    The requirements of Section 33.07(3) that prohibit all fowl except for chickens are arbitrary and capricious, lacks a reasonable basis, and are not rationally related to any legitimate municipal objective.

28.    The requirements of Sections 33.07(3)-(8) are arbitrary, unreasonable, overly invasive, and overly burdensome permitting, inspection, and registration requirements.

29.    The requirements of Sections 33.07(3)-(8) have no rational basis.

30.    The requirements of Sections 33.07(3)-(8) are not rationally related to any legitimate municipal objective.

31.    The requirements of Section 33.07(7) violate Section 11 of Article 1 of the Wisconsin Constitution because it is a non-consensual inspection of premises on demand by the City of Waukesha.

32.    The Ordinance is not rationally related to the public health, safety, or general welfare.

33.    The requirements of Section 33.07(9)(a) that limit of the number of chickens to four (4) per parcel or six (6) per parcel if the parcel is greater than one (1) acre are arbitrary and capricious, lack a reasonable basis, and are not rationally related to any legitimate municipal objective.

34.    The requirements of Section 33.07(9)(b) that prohibit roosters are arbitrary and capricious, lack a reasonable basis, and are not rationally related to any legitimate municipal objective.

35.    The requirements of Section 33.07(9)(h) that prohibit chickens from roaming freely on the property, are arbitrary and capricious, lack a reasonable basis, and are not rationally related to any legitimate municipal objective.

5

36.     The enclosure requirements contained in Section 33.07(10) are arbitrary and capricious, lack a reasonable basis, and are not rationally related to any legitimate municipal objective.

37.     The Ordinance, in whole or in part, is void and unenforceable on its face or as applied to Mr. Green.

38.     The Ordinance, in whole or in part, constitutes illegal zoning because the City improperly changed its zoning regulations to prohibit certain uses of land and structures that were previously permitted.

**Second Claim**
**(Declaratory Relief – Legal Non-Conforming Use)**

39.     The plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 38 of the complaint and alleges said paragraphs with the same force and effect as if fully set forth herein.

40.     Mr. Green has never received a citation issued by the City regarding his chickens, ducks, or turkeys.

41.     Mr. Green has kept turkeys and ducks on his property since before the adoption of Section 33.7(3) which prohibits turkeys and ducks.

42.     Mr. Green has kept more than four (4) chickens on his property since before the adoption of Section 33.07(9)(a) which limited the number chickens to four (4) per parcel for parcels less than one (1) acre.

43.     Mr. Green has kept rosters on his property since before the adoption of Section 33.07(9)(b) which prohibits roosters.

44.     Mr. Green has let chickens roam freely on his property since before the adoption of Section 33.07(9)(h) which prohibits chickens from roaming freely.

6

45.     Mr. Green's coop structure is a legal non-conforming use.

46.     Pursuant to Section 22.61 of the City of Waukesha Municipal Code, "The lawful use of a building or premise existing at the time of the adoption or amendment of a zoning ordinance may be continued although such use does not conform with the provisions of the ordinance."

47.     Mr. Green's coop structure was in lawful use prior to the adoption of Section 33.07(10) and Ordinance 2023-5.

48.     Mr. Green's coop structure may be continued although such use does not conform with the recently adopted Ordinance.

49.     Mr. Green requested a legal non-conforming use exemption from the Ordinance in the Notice of Claim. **Exhibit D**.

50.     The City disallowed Mr. Green's Notice of Claim in its entirety, including his request for legal non-conforming use without explanation. **Exhibit E**.

51.     The plaintiff seeks a declaratory judgment that he is entitled to a legal non-conforming use and exemption from the Ordinance that prohibits fowl except for chickens, limits the number of chickens to four (4), prohibits roosters, prohibits chickens from roaming freely on the property, and the enclosure requirements contained in Section 33.07(10).

### Third Claim
### (Regulatory Taking – Inverse Condemnation)

52.     The plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 51 of the complaint and alleges said paragraphs with the same force and effect as if fully set forth herein.

53.     The Ordinance constituted a regulatory taking without compensation to Mr. Green under Wis. Stat. § 32.10.

7

54.     Mr. Green specifically bought property in the City of Waukesha because it permitted chickens, ducks, and turkeys. Mr. Green purchased several of his income properties in the City because the City permitted chickens, ducks, and turkeys.

55.     Mr. Green had over a million dollars of real estate in the City based on the City advertising the keeping of poultry.

56.     Mr. Green is a real estate agent and represented to countless clients that a benefit of the City of Waukesha is that it permits chickens, ducks, and turkeys.

57.     Mr. Green relied on the Chicken Brochure of the City that stated, "YES, chickens ARE ALLOWED to be kept within the city . . . ." **Exhibit A**.

58.     Mr. Green has never received a citation issued by the City regarding his chickens, ducks, or turkeys.

59.     The City should be equitably estopped from enforcing the Ordinance against Mr. Green because of Mr. Green's reliance on the City's representations.

60.     The Ordinance is a regulatory taking that has gone too far because it denies Mr. Green economically viable use of his land.

61.     The Ordinance is a regulatory taking because it does not substantially advance legitimate State interests.

62.     The arbitrary character of the governmental action weighs against the adoption of the Ordinance.

63.     The negative economic impact of the Ordinance on Mr. Green weighs against the adoption of the Ordinance.

64.     The extent to which the Ordinance has interfered with distinct investment-backed expectations weighs against the adoption of the Ordinance.

65.     The Ordinance denies Mr. Green of substantially all practical uses of the property because the dramatic increase in interest rates creates an economic environment where it is very difficult to exchange the properties in the City of Waukesha for properties in other municipalities.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment against the defendant as follows:

A.     On the first claim, Judgment declaring that all or part of Section 33.07 and Ordinance 2023-5 are void and unenforceable in whole or in part.

B.     On the second claim, Judgment declaring that plaintiff is entitled to a legal non-conforming use exemption from all or part of Section 33.07 and Ordinance No. 2023-5.

C.     On the third claim, Judgement that Section 33.07 constitutes a regulatory taking without compensation to plaintiff and, further, the City should be equitably estopped from enforcing the Ordinance against plaintiff.

D.     Statutory costs for plaintiff.

E.     Any other and further relief which the Court deems just and equitable.

## JURY DEMAND

Please take notice that the plaintiff demands a jury of twelve (12) persons.

Dated this 18th day of December, 2023.

KAY & KAY LAW FIRM

By: _____
Alexander T. Kay
State Bar No. 1101726
Attorney for plaintiff, Stephen Green

9

Prepared By:
Kay & Kay Law Firm
675 N. Brookfield Road, Suite 200
Brookfield, WI 53045
Alexander.kay@kaykaylaw.com
(262) 784-7110

# Exhibit A

# Chickens



YES, chickens ARE ALLOWED to be kept within the city, for the primary purpose of providing eggs, meat, or as pets, to the occupants of the residence where they are kept.



Currently, the city does not have a limit on the NUMBER OF chickens allowed at a residence, however, keep in mind that there are limits needed for the well being of the chickens. Also, the more chickens being kept, the more work is needed to ensure the property stays in compliance with city codes.



Although there are no PERMITS required to have chickens, there are several city ordinances which must be followed. Before deciding on having chickens, please consider that raising them takes a lot of time, work, and responsibility. Also, by raising chickens on your property, you are subject to INSPECTION by city officials at all times. Properties not kept in compliance can result in fines and fees being charged to both the keeper and the property owner.

---



rooster





The city does not specifically prohibit ROOSTERS but the city does have noise ordinances which include crowing. Therefore, it seems very unlikely that you would be able to keep a rooster without disturbing your neighbors and them rightfully calling the police!




Prevention of RATS and other VERMIN must always be considered. Feed must be stored in rat-proof containers. Feed out for chickens should be limited to one day supply or in rat-proof feeders. Regular cleaning is a must.

---

**NO**   **YES**



Chickens are not allowed to run AT LARGE, they must be contained within a FENCED YARD or PEN. A fence in the rear yard can be up to 6 ft tall. Please check zoning codes for restrictions before installing a fence.




COOPS that are about the size of a typical doghouse do not need a Building Permit. They must, however, be in the rear yard. All coops should be raised off the ground to aid in rat-proofing,





COOPS that are larger, especially walk-in types, REQUIRE a Building PERMIT. They must be in the rear yard, at least 5 ft from the property lines, and must follow all other regulations for accessory structures found in the Zoning and Building Codes which can be obtained from this office.

CITY OF WAUKESHA
DEPARTMENT OF COMMUNITY DEVELOPMENT
201 Delafield Street, Waukesha WI 53188
(262)524-3750      rev. January 2022

Case 2:23-cv-01586-LA   Filed 12/18/23   Page 12 of 26   Document 9




**NO** **YES**

LAWNS must be kept clean and in good condition. Such as preventing the lawn from becoming bare due to excessive scratching by the chickens. Materials being flung by the scratching need to be prevented from going onto neighboring properties. If chickens are allowed outside a pen (within a fenced-in rear yard), the yard must be kept clean just like inside the pen. Also, when chickens MOLT, their loose feathers must be cleaned up and not allowed to blow onto neighboring properties. Be sure to keep the chicken area far enough away from neighbors to prevent problems for them. Coops must be at least 5 ft from property lines but farther would be better, especially if the coop has a pen. It is also a good idea to have the pen on the side of the coop away from the neighbor. It is important to show as much consideration towards your neighbors as possible.



---




Property Line
5 ft Min Setback
COOP
PEN (away from neighbor)
Rear Yard

Property Line
5 ft Min Setback
COOP
Fenced-In Rear Yard

---

If you raise meat chickens, please keep your neighbors in mind when butchering them! The City does have moral and decency laws that can be enforced if courtesy isn't shown towards neighbors.




When keeping chickens, you must at all times comply with all other requirements of the Waukesha Municipal Code, including Zoning and Property Maintenance Codes; and must observe all federal, state and local codes applicable to raising chickens, slaughtering chickens, and proper handling and sale of eggs.

FRESH EGGS
FARM FRESH EGGS FOR SALE

Before deciding upon having chickens, you are expected to have first obtained a good understanding of chickens, what it takes to properly raise them, and what laws pertain to them. Everthing from something as very basic as knowing a rooster is not needed for a hen to lay eggs to more detailed knowledge such as whether or not state law allows you to sell your eggs in a used egg carton.




---

Below is a list of code sections for Municipal Codes that pertain to chickens. Most are used in this brochure, however, this brochure is not intended to explain all the regulations regarding chicken raising. Please refer to the Municipal Codebook for the most up to date codes and the actual language of the codes.

| Code | Description |
|------|-------------|
| 11.24(2) | At Large |
| 11.24(5) | Inspection |
| 11.24(6)(b) | Fecal Matter |
| 12.02(3) | Morals & Decency / Slaughtering |
| 12.03(2) | Carcasses |
| 12.03(4) | Stagnant Water |
| 12.03(10) | Odors |
| 12.04(4) | Morals |
| 12.05(11) | Noise / Crowing |
| 13.01(3) | Slaughter House License |
| 13.01(5) | Slaughtering |
| 13.03(1) | Rat Food Sources |
| 13.03(4) | Rat Harborage / Elevate Coop |
| 17.04(3)(a) | Clean & Sanitary / Molting |
| 17.04(4)(a) | Lawn Condition |
| 22.05(106) | Home Industry / Sales |
| 22.58(6) | Home Industry / Sales |
| 22.58(2)(a) | Coops |
| 22.58(2)(j) | Fences |

**CITY OF WAUKESHA**
**DEPARTMENT OF COMMUNITY DEVELOPMENT**
201 Delafield Street, Waukesha WI 53188
(262)524-3750          rev. January 2022

# Exhibit B

**City of Waukesha, Wisconsin**

**Ordinance No. 2023 – 4**

---

**An Ordinance Creating Section 33.07 of the Waukesha Municipal Code,
Regarding the Keeping of Chickens and Other Fowl**

---

The Common Council of the City of Waukesha do ordain as follows:

**Section 1.** Section 33.07 of the Waukesha Municipal Code is created to read in its entirety as follows:

**33.07. Chickens and Other Fowl.**

(1) **Purpose and Applicability.** The purpose of this Section is to regulate the keeping of Chickens and prohibit the keeping of other Fowl to ensure humane treatment of the animals, avoid public nuisances and other adverse impacts on neighboring properties, and control rodent infestation.

(2) **Definitions.** Capitalized terms have the following meanings:

    (a) Chicken means the species Gallus gallus domesticus.

    (b) Department means the City of Waukesha Community Development Department.

    (c) Enclosure means the entire space within which Chickens are Kept, including both a coop and a run.

    (d) Fowl means larger domesticated birds commonly raised and kept for their meat or eggs. The term includes, but is not limited to, ducks, geese, turkeys, guinea hens, pheasants, and peafowl.

    (e) Keep, Keeping, or Kept means to have anywhere on a premises.

    (f) Parcel means a parcel of real property in the City having a unique tax parcel number.

    (g) Section means this Municipal Code §33.07.

(3) **Keeping Certain Fowl Prohibited.** The keeping of Fowl, except Chickens, is prohibited in the City of Waukesha. The only Fowl that may be kept in the City of Waukesha is Chickens, subject to the requirements of this Section. There shall be a grace period of 180 days from the effective date of this Section for individuals and Parcels to come into compliance with this Section.

**(4) Permit Required.** A permit issued by the Department is required for the keeping of Chickens. An application and non-refundable fee shall be required for the permit. The fee shall be according to the fee schedule set and amended from time to time by the Department. The permit shall be valid for only the Parcel indicated in the application, and is not assignable or transferable to any other individual or Parcel. The permit shall be valid for a period of two years, and may be renewed upon application and payment of the renewal fee, provided there have been no violations of this Section associated with the permit.

**(5) Plans and Approval Required.** Plans for enclosures and a site plan showing the location of the enclosure in relation to property boundaries, structures on the premises, and structures on adjoining properties must be submitted with the permit application, and plans must be approved by the Department before a permit may be issued.

**(6) Permit Limitations.** No more than one permit may be issued for any Parcel, regardless of the number of dwelling units on the Parcel. Permits may be issued for non-owner-occupied Parcels only with the written consent of the owner of the Parcel. Permits shall not be issued for Parcels with duplex or multi-family dwellings, except that if the owner of the Parcel is an occupant of one of the dwelling units, then a permit may be issued to that owner.

**(7) Inspection.** All premises for which a permit has been issued shall be available for inspection by the Department. A refusal to allow inspection will result in a revocation of or refusal to renew the permit.

**(8) Livestock Premises Registration.** Permits shall not be issued until the applicant has registered the premises on which Chickens will be Kept with the State of Wisconsin Department of Agriculture, Trade and Consumer Protection, pursuant to Wis. Admin. Code ATCP 17.02.

**(9) General Regulations.**

    **(a)** No more than four Chickens may be Kept per Parcel, except that six chickens may be Kept on Parcels greater than one acre in area. There shall be a grace period of 180 days from the effective date of this Section for individuals and Parcels to come into compliance with this Section.

    **(b)** Keeping of roosters is prohibited.

    **(c)** Chickens may only be slaughtered indoors and out of the view of the public.

    **(d)** Chickens shall be provided with fresh water and adequate amounts of feed regularly.

    **(e)** Eggs shall not be hatched.

    **(f)** Manure and soiled bedding shall be removed from the enclosure regularly and frequently enough to avoid odors and attraction of insects. Manure and soiled bedding shall be disposed of in a sealed container.

    **(g)** Chickens may not be Kept in any manner that causes a public nuisance under Chapter 12 of this Municipal Code, or that tends to interfere unreasonably with the normal use of property or enjoyment of life, or that causes a public health threat.

**(h)** Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels.

**(i)** Dead Chickens shall be removed from the premises immediately and disposed of in accordance with law.

**(j)** In general, humane practices must be employed at all times in the Keeping of Chickens.

**(10) Enclosure Requirements.**

**(a)** Enclosures shall be constructed in a sturdy and workmanlike manner.

**(b)** Enclosures shall be mounted off the ground, placed on a hard surface such as concrete or patio blocks, or have a floor of hardware cloth, such that burrowing animals may not go into the enclosure.

**(c)** Enclosures shall be enclosed on all sides, including the top.

**(d)** Enclosures must be covered with solid material or hardware cloth. Chicken wire is not permitted for enclosures.

**(e)** Enclosures must not be able to be entered by rodents or predators.

**(f)** Feed must be kept in closed rodent-proof containers.

**(g)** If an enclosure is mounted off the ground, it must be constructed so that feed cannot fall through the bottom onto the ground. Any feed falling outside of the enclosure must be cleaned up daily.

**(h)** Enclosures shall provide at least 16 square feet of area per Chicken, including coop area.

**(i)** Enclosures must include a coop providing adequate shelter for Chickens from weather and the elements. Coops must provide at least 3 square feet of area per Chicken.

**(j)** Open-flame heaters are prohibited.

**(k)** No enclosure or coop shall be located closer than 25 feet to any residential dwelling on an adjacent lot unless consent is given by the current owner of the adjacent lot. Consent must be in writing, and provided to the Department with the permit application.

**(l)** Enclosures are accessory uses, subject to the yard restrictions, setback requirements, and other regulations in Municipal Code §22.58.

**(11) Violations.** Violations of this Section shall result in the application of the following procedure:

**(a)** Compliance orders shall be issued to the permit holder by the Building Inspection Division.

    **(b)** If the permit holder fails to comply timely with compliance orders, then:

        **(i)** Inspection and re-inspection fees may be assessed.

        **(ii)** Citations may be issued, with forfeitures as provided in Municipal Code §25.05.

        **(iii)** The permit may be revoked or refused for renewal.

    **(c)** If a permit is revoked or refused for renewal, no new permit shall be issued to that permit holder or for that Parcel for a period of 2 years.

**(12) Appeal of Revocation or Refusal to Renew.** A revocation or refusal to renew a permit issued under this Section may be appealed to the Administrative Review Appeals Board by the filing of a written notice of appeal with the City Clerk-Treasurer within 10 days of receipt of notice of the revocation or refusal to renew. Upon appeal, the permit holder and the City shall have an opportunity to present evidence to the Board at a hearing held after reasonable notice. The Board shall determine whether the Department had sufficient grounds under this Section for revocation or refusal to renew the permit, and shall not grant waivers or variances from the requirements of this Section. Except as provided otherwise by this section, procedure for appeals shall be as provided in Municipal Code §2.11(3)(b), and the review procedures provided by Wisconsin Statutes Chapter 68 shall not apply. Appeals from the Board's decision shall be made by certiorari to the Circuit Court within 30 days of receipt of the Board's decision.

**Section 2.** All ordinances, or portions of ordinances, inconsistent with this ordinance are hereby repealed.

**Section 3.** This Ordinance shall be effective the day after its publication.

Passed the 7th day of March, 2023.

Shawn N. Reilly, Mayor            Attest: Gina L. Kozlik, City Clerk

# Exhibit C

**City of Waukesha, Wisconsin**
**Ordinance No. 2023 – 5**

**An Ordinance Creating New Subsection (2)(g) and Renumbering**
**Former Subsections(2)(g), (h), (i), and (j) of Section 22.58 of the**
**Waukesha Municipal Code, Regarding Chicken Coops**

The Common Council of the City of Waukesha do ordain as follows:

**Section 1.** New subsection (2)(g) of section 22.58 of the Waukesha Municipal Code is created to read in its entirety:

    (g)   Chicken keeping enclosures may be constructed upon the issuance of a Chicken Keeping Permit, subject to all applicable regulations in Municipal Code §33.07 and in this Chapter, and provided that:

        (1)   Chicken enclosures shall be located so the nearest point is no closer than 5 feet from the permitted principal structure and no closer than 5 feet from any lot line.

        (2)   Chicken enclosures shall not exceed 11 feet in height.

        (3)   Chicken enclosures must be used for chicken keeping purposes only and may not be combined with or attached to other accessory uses or structures.

**Section 2.** Former subsections (g), (h), (i), and (j) of section 22.58(2) of the Waukesha Municipal Code are renumbered to (h), (i), (j), and (k), respectively.

**Section 3.** All ordinances, or portions of ordinances, inconsistent with this ordinance are hereby repealed.

**Section 4.** This ordinance shall be effective the day after its publication.

Passed the 18th day of April, 2023.

_Shawn N. Reil_

Shawn N. Reilly, Mayor

_Gina L. Kozlik_

Attest: Gina L. Kozlik, Clerk-Treasurer

# Exhibit D

# CRAMER, MULTHAUF & HAMMES, LLP

ATTORNEYS AT LAW

Michael A. Snider

SUITE 200
1601 EAST RACINE AVENUE
POST OFFICE BOX 558
WAUKESHA, WISCONSIN 53187-0558
TELEPHONE (262) 542-4278
FACSIMILE (262) 542-4270
E-MAIL mas@cmhlaw.com
www.cmhlaw.com

April 18, 2023

**VIA PROCESS SERVER TO:**

Gina Kozlik, Clerk/Treasurer and
Interim City Administrator
City of Waukesha – City Hall
201 Delafield Street
Waukesha, WI 53188

**VIA PROCESS SERVER TO:**

Mayor Shawn Reilly
Office of the Mayor
City of Waukesha – City Hall
201 Delafield Street, 3rd Floor
Waukesha, WI 53188

Re:     *Notice of Claim – Stephen Green*
          Property Location: 124 McCall Street, Waukesha, Wisconsin 53186
          City of Waukesha Ordinance 2023-4; Waukesha Municipal Code § 33.07

Dear Mayor Reilly and Interim Administrator/Clerk Kozlik:

Our law firm represents Stephen Green ("Green"), who owns the property located at 124 McCall Street, Waukesha, WI 53186.  Mr. Green has retained us to challenge the City of Waukesha's ("City") recently enacted Chicken Ordinance, Section 33.07 of the Waukesha Municipal Code. Pursuant to Wis. Stat § 893.80(1d)(a) and (b), this letter shall serve as written notice of the circumstances of Mr. Green's claim against the City related to the validity of Section 33.07 and shall set forth his itemized statement of relief sought. Wis. Stat. § 893.80(1d)(a)-(b).

Green intends to challenge the entire ordinance on grounds that it lacks a reasonable basis; is arbitrary and unreasonable; bears no substantial relation to the public health, safety, morals or general welfare; violates the ex post facto clause of the United States and Wisconsin Constitutions, retroactively destroys a vested property right; and constitutes unlawful zoning in whole or in part. Green further intends to challenge the Ordinance on the grounds that it is unconstitutional as applied to him and his property.

We find the following provisions contained in Section 33.07 especially concerning:

> (3)  **Keeping Certain Fowl Prohibited.** The keeping of Fowl, except Chickens, is
> prohibited in the City of Waukesha. The only Fowl that may be kept in the City
> of Waukesha is Chickens, subject to the requirements of this Section.

*The Standard of Excellence*

(9) General Regulations.

    (a) No more than four Chickens may be Kept per Parcel, except that six chickens may be Kept on Parcels greater than one acre in area. There shall be a grace period of 180 days from the effective date of this Section for individuals and Parcels to come into compliance with this Section.

    (b) Keeping of roosters is prohibited.

    (h) Chickens must be Kept at all times within a full enclosure, as defined in subsection (10), and may not be allowed to roam freely on Parcels.

Green does not believe the City has a reasonable basis for prohibiting other Fowl besides Chickens, limiting the number of chickens to four or six, or prohibiting the keeping of any roosters whatsoever. These restrictions are confiscatory in nature and are oppressive. Prohibiting chickens from roaming freely on their owners' property is arbitrary and unreasonable.

The permit and registration requirements contained in subsections (4) through (8), and the Enclosure Requirements contained in subsection (10), are exceedingly onerous and unnecessarily intrusive. These requirements appear designed to discourage and deter residents from keeping chickens and other Fowl in the City of Waukesha and lack any rational basis.

It is our understanding that the Common Council has received comments and a large file of information in opposition to the Ordinance, but has essentially ignored all of it.

## Legal Nonconforming Use

Green has had up to thirty chickens, two roosters, seven ducks, and ten turkeys freely ranging on his Property prior to the enactment of ordinance number 2023-4, Section 33.07. We believe this history establishes a legal nonconforming use, and we are requesting this relief from the City. Pursuant to Section 22.61 of the Waukesha Municipal Code, the lawful use of a premise existing at the time of the adoption of a zoning ordinance may be continued although such use does not conform with the provisions of the ordinance. We believe the case can be made that the City's new Chicken Ordinance is actually a zoning ordinance as it significantly restricts the way in which a landowner may use his or her property.

## Conclusion and Relief Sought

Green requests a legal nonconforming use exemption from Section 33.07 in its entirety based upon his pre-existing use and vested property right. Should this not be granted, we intend to commence an action for declaratory judgment to challenge the validity of the subject ordinance. Pursuant to Wis. Stat. § 893.80(1d)(b), the relief sought by Mr. Green will include temporary injunctive relief, permanent injunctive relief, a declaration that the subject Ordinance is void and unenforceable, and damages and attorney's fees pursuant to 42 U.S.C. 1983, *et seq.*

Please confirm receipt of this letter and let me know whether the City will grant Mr. Green the legal nonconforming use exemption.

Please feel free to contact me should you have any questions regarding the contents of this letter.

Very truly yours,

*/s/ Michael A. Snider*

Matthew M. Fernholz
Michael A. Snider

MAS:tlm

C:    Mr. Stephen Green

# Exhibit E



**Office of the Clerk Treasurer**
201 Delafield Street
Waukesha, Wisconsin 53188-3633

**Gina Kozlik, Clerk
Treasurer**
clerktreas@waukesha-wi.gov
1-262-524-3550

May 3, 2023

To:   Cramer, Multhauf & Hammes, LLP
      Michael A. Snider
      1601 East Racine Ave
      Suite 200
      Waukesha, WI 53187-0588

Date of Notice of Claim:     April 20, 2023
Claimant:                    Stephen Green

On Behalf of: Stephen Green
Property location: 124 McCall St, Waukesha, WI 53186

PLEASE TAKE NOTICE that pursuant to Wis. Stats. §893.80(1)(g), on May 2nd, 2023, the Common Council of the City of Waukesha disallowed your notice of claim in connection with the recently passed chicken ordinance.

NO ACTION BASED UPON YOUR CLAIM MAY BE BROUGHT AGAINST THE CITY OF WAUKESHA AFTER SIX MONTHS FROM THE DATE OF SERVICE OF THIS NOTICE, PURSUANT TO WIS. STATS. §893.80.

cc: Stephen Green

*Katie Panella*

Katie Panella
Deputy City Clerk-Treasurer